CHANDLER (CHAMBERLAIN v.). See Case No. 2,575.

---

## Case No. 2,592.

CHANDLER v. DODGE COUNTY.[1]

Circuit Court, D. Nebraska. May Term, 1879.[2]

MUNICIPAL AID BONDS—VALIDITY—TOLL BRIDGE.

At law. This was an action brought by George B. Chandler to recover the amount of certain coupons attached to certain bonds issued by the board of county commissioners of the county of Dodge, in the state of Nebraska, on behalf of the precinct of Fremont in said county. The plaintiff (now defendant in error) purchased the coupons sued on before maturity, and for a valuable consideration. The controversy in the case relates to the validity of the bonds and of the plain-

tiff's title to the coupons. By a law of the state of Nebraska, passed February 15th, 1869, it was enacted that any county in the state should be authorized to issue bonds to aid in the construction of any railroad or other work of internal improvement, the amount to be determined by the county commissioners of such county, not exceeding ten per cent. of the assessed valuation of all taxable property in said county: provided, the county commissioners should first submit the question of issuing such bonds to a vote of the legal voters of said county, in the manner provided by chapter 9 of the Revised Statutes of Nebraska for submitting to the people of a county the question of borrowing money. By a subsequent section, it was enacted that any precinct in any organized county of the state should have the privilege of voting to aid works of internal improvement, and be entitled to all the privileges conferred upon counties and cities; and that in such cases the precinct election should be governed in the same manner, so far as applicable, and the county commissioners should issue special bonds for the precinct.

In the present case, the bonds purport on their face to have been thus issued. · The following is a copy of one of them:

"United States of America, State of Nebraska. It is hereby certified that Fremont precinct, in the county of Dodge, in the state of Nebraska, is indebted unto the bearer in the sum of $1,000, payable on or before twenty years after date, with interest at the rate of ten per cent. per annum from date. Interest payable annually, on the presentation of the proper coupons hereto annexed. Principal payable at the office of the county treasurer, in Fremont, Dodge county, Nebraska. Interest payable at the Ocean National Bank, in the city of New York. This bond is one of a series issued in pursuance of and in accordance with a vote of the electors of said Fremont precinct, at a special election held on the 11th day of November, A. D. 1870, at which time the following proposition was submitted: 'Shall the county commissioners of Dodge county, Nebraska, issue their special bonds on Fremont precinct, in said county, to the amount not to exceed $50,000, to be expended and appropriated by the county commissioners, or as much thereof as is necessary, in building a wagon bridge across the Platte river, in said precinct; said bonds to be made payable on or before twenty years after date, bearing interest at the rate of ten per cent. per annum, payable annually;' which proposition was duly elected, adopted and accepted by a majority of the electors of said precinct voting in favor of the proposition. And whereas the Smith Bridge Company of Toledo, Ohio, have entered into a contract with said county commissioners to furnish the necessary materials and to build and construct said bridge referred to in the foregoing proposition; therefore, this bond with others is issued in pursuance

thereof, as well as under provisions of an act of the legislature of the state of Nebraska, approved February 15th, A. D. 1869, entitled 'An act to enable counties, cities and precincts to borrow moneys on their bonds, or to issue bonds to aid in the construction or completion of works of internal improvements in this state, and to legalize bonds already issued for such purposes.' In witness whereof, we, the said county commissioners of said Dodge county, have hereunto set our hands, this first day of September, A. D. 1871." (Signed and sealed by the county commissioners.)

It is conceded that the precinct regularly voted for an issue of bonds to the amount named therein, to be appropriated for building a bridge across the Platte river; but the defendant, in its answer, set forth the notice of the election, by which it appears that the proposition submitted to the people was to build a toll-bridge and not a free bridge; and that the bridge was accordingly built and operated as a toll-bridge. The notice of election further declared that the tolls were to be used for the purpose of raising a sinking fund to pay the principal, interest, repairs and expenses of the bridge, and were to be regulated from time to time by the county commissioners. [3]

Plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defense. Demurrer sustained.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

Upon the consideration of said demurrer, final judgment having been rendered thereon for the plaintiff, the opinions of the judges holding said court, namely, the circuit judge and the district judge, were opposed upon the following questions thereon arising, to wit: 1st. Whether the said answer sets up a sufficient defense in law to the causes of action stated in the petition. 2nd. Whether the recital in the bond charged the holder thereof with notice of the proposition which was in fact the one submitted to a vote of the people as contained in and shown by the records of the county. 3rd. Whether the facts that the bonds were issued for a toll-bridge of the character of the one set forth in the proposition submitted to the voters of said Fremont precinct, as shown in the answer, makes them invalid in the hands of a holder thereof for value before due, without other notice than that imparted on the face of the bonds. And said points being at the same time stated under the direction of said judges, it was ordered that said points should be certified to the supreme court of the United States, according to the statutes in such case provided.

[NOTE. The supreme court in County Com'rs v. Chandler, 96 U. S. 205, answered in

---

[3] [The above statement of facts is taken from the opinion, by Mr. Justice Bradley, in County Com'rs v. Chandler, 96 U. S. 205.]

the negative the first and third questions certified to them, held that the second question was immaterial, and affirmed the judgment of the district court sustaining the demurrer. An application to the supreme court of Nebraska for a mandamus to compel the board of commissioners of Dodge county to meet and levy a tax on all the property in Fremont precinct, in said county, to pay the judgment recovered by plaintiff in the circuit court, was subsequently denied. State ex rel. Chandler v. Dodge Co., 10 Neb. 20, 4 N. W. 370. The state decision is cited in Osborne v. County Com'rs of Adams Co., 7 Fed. 443.]